## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **PAUL HARKER,** | : | **CASE NO. 1:17CV00830** |
| | : | |
| **Plaintiff,** | : | **JUDGE SUSAN DLOTT** |
| | : | |
| **v.** | : | **MAGISTRATE JUDGE KAREN L.** |
| **MIAMI UNIVERSITY, et al.,** | : | **LITKOVITZ** |
| | : | |
| **Defendants.** | : | **DEFENDANT MIAMI UNIVERSITY'S** |
| | : | **ANSWER TO PLAINTIFF'S** |
| | : | **COMPLAINT** |

Now comes Defendant Miami University (the "University"), by and through counsel, and for its Answer to Plaintiff's Complaint, hereby states as follows:

### FIRST DEFENSE

### RESPONSE TO "PRELIMINARY STATEMENT" AVERMENTS

1.      The University admits so much of the averments of paragraph 1 of the Complaint as may aver that Plaintiff is a former offensive lineman who played varsity football for Michigan State University ("MSU"), a former strength and conditioning coach at the University, that Plaintiff's wife gave birth to twins in January 2017, and Plaintiff took FMLA leave. The University admits that Plaintiff seeks remedies but denies any basis for them. The University denies the remaining allegations of paragraph 1 of the Complaint.

### RESPONSE TO "JURISDICTION" AVERMENTS

2.      The University states that the allegations of paragraph 2 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University admits so much of this paragraph as may aver that that this Court has jurisdiction over FMLA family-care claims. The University denies the remaining allegations of paragraph 2 of the Complaint.

3. The University states that the averments of paragraph 3 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University admits so much of this paragraph as may aver that that this Court is the appropriate venue for the Complaint's FMLA family-care claims. The University denies the remaining averments of paragraph 3 of the Complaint.

### RESPONSE TO "PARTIES" AVERMENTS

4. The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of the Complaint, and therefore denies them. Responding further, the University states that the allegations of paragraph 4 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University denies the allegations of paragraph 4 of the Complaint.

5. The University admits the averments of paragraph 5 of the Complaint.

6. The University admits so much of the averments of paragraph 6 of the Complaint as may aver that Chuck Martin is the head football coach for the University's Varsity Football team. Responding further, the University states that the remaining allegations of paragraph 6 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University denies the remaining allegations of paragraph 6 of the Complaint.

7. The University admits so much of the averments of paragraph 7 of the Complaint as may aver that David Sayler is the Athletic Director at the University. Responding further, the University states that the remaining allegations of paragraph 7 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University denies the allegations of paragraph 7 of the Complaint.

8. The University admits so much of the averments of paragraph 8 of the Complaint as may aver that Steven Brockelbank is the Associate Athletic Director for the University.

Responding further, the University states that the remaining allegations of paragraph 8 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University denies the allegations of paragraph 8 of the Complaint.

9. The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint, and therefore denies them.

## RESPONSE TO "FACTS" AVERMENTS

10. The University admits so much of the allegations of paragraph 10 of the complaint as may aver that Plaintiff played varsity football at Michigan State University. Responding further, the University admits that Harker represented that he had received an undergraduate degree in communications and a master's degree in kinesiology from Michigan State University. The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 10 of the Complaint, and therefore denies them.

11. The University admits the allegations of paragraph 11 of the Complaint.

12. The University admits the allegations of paragraph 12 of the Complaint.

13. The University admits the allegations of paragraph 13 of the Complaint.

14. The University admits so much of the allegations of paragraph 14 of the Complaint as may aver that Plaintiff was an unclassified employee. The University denies the remaining allegations of paragraph 14.

15. The University states that each document referred to in paragraph 15 of the Complaint speaks for itself, and the University denies any characterization inconsistent therewith.

16. The University admits the allegations of paragraph 16 of the Complaint.

17. The University admits so much of the allegations of paragraph 17 of the Complaint as may aver that in 2016, Plaintiff's wife became pregnant with twins, which were due in 2017.

The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 17 of the Complaint, and therefore denies them.

18.     The University admits so much of the allegations of paragraph 18 of the Complaint as may aver what occurred, but the University cannot independently verify or admit the facts contained in Mr. Harker's statement or the reason for the request, and therefore denies them for lack of knowledge.

19.     The University admits the allegations of paragraph 19 of the Complaint.

20.     The University denies the allegations of paragraph 20 of the Complaint.

21.     The University admits the allegations of paragraph 21 of the Complaint.

22.     The University admits the allegations of paragraph 22 of the Complaint.

23.     The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 of the Complaint, and therefore denies them.

24.     The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint, and therefore denies them.

25.     The University admits the allegations of paragraph 25 of the Complaint.

26.     The University admits it approved FMLA leave for Plaintiff from January 20, 2017 through February 9, 2017.  Responding further, the University states that the document referred to in paragraph 26 of the Complaint speaks for itself, and the University denies any characterization inconsistent therewith.

27.     The University admits so much of the averments of paragraph 27 that Plaintiff gave presentations to recruits and parents on January 28, 2017.  The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 27 of the Complaint, and therefore denies them.

28.     The University admits that on or about February 2, 2017, Coach Martin left Plaintiff a voicemail, but denies that the message is accurately characterized and so denies the remaining allegations of paragraph 28 of the Complaint.

29.     The University admits that Plaintiff and Coach Martin met on or about February 7, 2017 and that Martin referred to FMLA leave as maternity leave. The University denies the remaining allegations of paragraph 29.

30.     The University denies the allegations of paragraph 30 of the Complaint.

31.     The University states that the document referred to in paragraph 31 of the Complaint speaks for itself, and the University denies any characterization inconsistent therewith. Responding further, the University denies the remaining allegations of paragraph 31 of the Complaint.

32.     The University admits the averments of paragraph 32 of the Complaint as may aver that Plaintiff returned from FMLA leave on or about February 13, 2017.

33.     The University admits that Plaintiff and Coach Martin met on February 17, 2017. The University denies the remaining allegations of paragraph 33.

34.     The University denies the allegations of paragraph 34 of the Complaint.

35.     The University denies the allegations of paragraph 35 of the Complaint.

36.     The University denies the allegations of paragraph 36 of the Complaint.

37.     The University denies the allegations of paragraph 37 of the Complaint.

38.     The University admits the allegations of paragraph 38 of the Complaint.

39.     The University denies the allegations of paragraph 39 of the Complaint.

40.     The University denies the allegations of paragraph 40 of the Complaint.

41.     The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 41 of the Complaint, and therefore denies them.

42.     The University admits the averments of paragraph 42 of the Complaint as may aver that FMLA leave for Plaintiff was approved from April 3, 2017 to June 4, 2017. The University denies the remaining allegations of paragraph 42.

43.     The University admits that the e-mail referred to in paragraph 43 of the Complaint was sent, but states that the document speaks for itself, and the University denies any characterization inconsistent therewith.

44.     The University admits that the e-mail referred to in paragraph 44 of the Complaint was sent, but states that the document speaks for itself, and the University denies any characterization inconsistent therewith.

45.     The University states that the document referred to in paragraph 45 of the Complaint speaks for itself, and the University denies any characterization inconsistent therewith. Responding further, the University denies the allegations in paragraph 45 of the Complaint.

46.     The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 of the Complaint, and therefore denies them.

47.     The University admits so much of the averments of paragraph 47 of the Complaint as may aver that Plaintiff returned to work on or about June 5, 2017. The University denies Coach Martin told him his employment would end on June 30, 2017. Responding further, the University is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 47 of the Complaint, and therefore denies them.

48.     The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 of the Complaint, and therefore denies them.

49.     The University denies the allegations in paragraph 49 of the Complaint.

50.     The University denies the allegations in paragraph 50 of the Complaint.

51.     The University states that the document referred to in paragraph 51 of the Complaint speaks for itself, and the University denies any characterization inconsistent therewith.  The University admits that Mr. Harker claimed he would show the document to an attorney.  Responding further, the University denies the remaining allegations in paragraph 51 of the Complaint.

52.     The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 52 of the Complaint, and therefore denies them.  Responding further, the University states that documentation from Plaintiff's physician speaks for itself, and denies any characterization inconsistent therewith.

53.     The University admits the allegations in paragraph 53 of the Complaint.

54.     The University admits that Mr. Brockelbank and Mr. Harker exchanged letters or e-mails.  The University denies the remaining allegations of paragraph 54 of the Complaint.

55.     The University admits so much of paragraph 55 of the Complaint as may aver that on July 31, 2017, Dawn Fahner sent Mr. Harker a letter, which speaks for itself, and the University denies any characterization inconsistent therewith.  Responding further, the University denies the remaining allegations in paragraph 55 of the Complaint.

56.     The University denies the allegations in paragraph 56 of the Complaint.

57.     The University is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 57 of the Complaint, and therefore denies them.  Responding further, the University denies the allegations in paragraph 57 of the Complaint.

58.     The University denies the allegations in paragraph 58 of the Complaint.

59.     The University denies the allegations in paragraph 59 of the Complaint.

60. The University states that the allegations of paragraph 60 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University denies the allegations of paragraph 60 of the Complaint.

## RESPONSE TO COUNT I (DENIAL OF FMLA RIGHTS UNDER 29 U.S.C. § 2615(a)(1))

61. The University restates and realleges each defense set forth above.

62. The University states that the allegations of paragraph 62 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University denies the allegations of paragraph 62 of the Complaint.

63. The University states that the allegations of paragraph 63 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University denies the allegations of paragraph 63 of the Complaint.

64. The University denies the allegations in paragraph 64 of the Complaint.

65. The University states that the allegations of paragraph 65 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University denies the allegations of paragraph 65 of the Complaint.

66. The University states that the allegations of paragraph 66 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University denies the allegations of paragraph 66 of the Complaint.

## RESPONSE TO COUNT II (RETALIATION UNDER 29 U.S.C. § 2615(a)(2))

67. The University restates and realleges each defense set forth above.

68. The University states that the allegations of paragraph 68 of the Complaint are a legal conclusion that do not require a response. To the extent a response is required, the University denies the allegations of paragraph 68 of the Complaint.

69. The University admits the allegations of paragraph 69 of the Complaint.

70.     The University admits the allegations of paragraph 70 of the Complaint.

71.     The University denies the allegations of paragraph 71 of the Complaint.

72.     The University states that the allegations of paragraph 72 of the Complaint are a legal conclusion that do not require a response.  To the extent a response is required, the University denies the allegations of paragraph 72 of the Complaint.

73.     The University states that the allegations of paragraph 73 of the Complaint are a legal conclusion that do not require a response.  To the extent a response is required, the University denies the allegations of paragraph 73 of the Complaint.

74.     The University states that the allegations of paragraph 74 of the Complaint are a legal conclusion that do not require a response.  To the extent a response is required, the University denies the allegations of paragraph 74 of the Complaint.

75.     The University denies all the remaining allegations of the Complaint.

## **SECOND DEFENSE**

76.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## **THIRD DEFENSE**

77.     Plaintiff's claims are barred to the extent that he failed to mitigate his damages.

## **FOURTH DEFENSE**

78.     If Plaintiff incurred damages as alleged, the same were caused in whole or in part by his own conduct, and were not caused by any acts of the University.

## **FIFTH DEFENSE**

79.     Should the University be held liable to Plaintiff, which liability is specifically denied, the University would be entitled to a setoff for the total of all amounts paid to Plaintiff from all collateral sources.

**SIXTH DEFENSE**

80.    Plaintiff's Complaint is barred by his failure to exhaust administrative, contractual, and/or statutory remedies.

**SEVENTH DEFENSE**

81.    To the extent that Plaintiff's claim is based on personal medical leave, it is barred by the Eleventh Amendment.

**EIGHTH DEFENSE**

82.    Plaintiff has not suffered any damages for which he is entitled to relief.

**NINTH DEFENSE**

83.    The University's alleged acts or failures to act were not the cause or proximate cause of Plaintiff's alleged damages.

**TENTH DEFENSE**

84.    Plaintiff's claims are barred by the doctrines of qualified, absolute, sovereign and/or statutory immunity.

**ELEVENTH DEFENSE**

85.    Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, or estoppel.

**TWELFTH DEFENSE**

86.    Plaintiff's claims are barred, in whole or in part, by his own misconduct.

**THIRTEENTH DEFENSE**

87.    All actions regarding Plaintiff's employment were taken, made, and done in good faith and in compliance with state and federal laws, with uniform application of the University's

legitimate and non-discriminatory policies and practices, and were not based on any unlawful

consideration or otherwise the result of any unlawful motive.

## FOURTEENTH DEFENSE

88. Plaintiff's claims are barred because all of the University's acts were undertaken

in good faith and with a reasonable belief that its actions were following law, policy, and custom

prohibiting interference and retaliation.

## FIFTEENTH DEFENSE

89. The University asserts all defenses available pursuant to the Family and Medical

Leave Act, and state and federal common law as may be applicable to the facts asserted in this

litigation.

## SIXTEENTH DEFENSE

90. Plaintiff's claim for compensatory damages is barred because such damages are

unavailable under the Family and Medical Leave Act.

## SEVENTEENTH DEFENSE

91. Plaintiff's Complaint is barred by the doctrines of judicial estoppel, collateral

estoppel, and/or res judicata.

## EIGHTEENTH DEFENSE

92. This Court is not the proper venue for all the allegations of Plaintiff's Complaint.

## NINETEENTH DEFENSE

93. The University did not adopt a custom or policy that would give rise to liability.

## TWENTIETH DEFENSE

94. Plaintiff's damages were caused, in whole or in part, by intervening or

superseding acts for which the University is not responsible.

## TWENTY-FIRST DEFENSE

95.     Plaintiff's remedies are barred, in whole or in part, by the after-acquired evidence doctrine.

## TWENTY-SECOND DEFENSE

96.     This Court lacks jurisdiction over all the allegations of this Complaint.

97.     The University gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case and hereby requests leave to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered, the University requests that this Court issue an order dismissing Plaintiff's Complaint, and for any other relief the Court deems proper.

Respectfully submitted,

*/s/ Thomas B. Allen (0063956)*
Deborah S. Adams (0005607)
FROST BROWN TODD LLC
3300 Great American Tower
301 E. Fourth Street
Cincinnati, OH  45202
(513) 651-6800 / (513) 651-6981 (Fax)
dadams@fbtlaw.com

Thomas B. Allen (0063956)
FROST BROWN TODD LLC
9277 Centre Pointe Drive, Suite 300
West Chester, OH  45069
(513) 870-8225 / (513) 870-0999 (Fax)
tallen@fbtlaw.com

*Trial Attorneys for Defendants*
*Miami University, Chuck Martin, Steven*
*Brockelbank, and David Sayler*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

<u>*/s/ Thomas B. Allen (0063956)*</u>

0137873.0655987   4813-9469-7820v3